## IN THE UNITED STATES DISTRICT COURT
## <u>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| RONALD T. WHITAKER, SR. AND DALEA LYNN, Co-Administrators of the ESTATE OF RONALD TAYLOR WHITAKER, JR; and RONALD T. WHITAKER SR, TAYLOR WHITAKER, BRANDI WHITAKER and CHRISTOPHER HAMMERSTONE, individually | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>: NO: $08 - 627$<br>: |
| *Plaintiffs*<br>vs. | :<br>:<br>: |
| SPRINGETTSBURY TOWNSHIP; SPRINGETTSBURY TOWNSHIP POLICE DEPARTMENT; CHIEF OF POLICE DAVID ESHBACH AND POLICE OFFICER GARY UTTER | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |
| *Defendants* | : |

FILED
SCRANTON

APR 0 8 2008

PER _____
DEPUTY CLERK

### <u>COMPLAINT</u>

Plaintiffs, Ronald T. Whitaker and Dalea Lynn, Co-Administrators of the Estate of Ronald Taylor Whitaker Jr., by and through their attorney, Kane & Silverman, P.C., alleges a cause of actions against Defendants for the wrongful death and survival, as a result of various violations of the constitutional rights of Decedent, Ronald Taylor Whitaker, Jr.

### <u>PRELIMINARY STATEMENT</u>

1.      This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state law claims concerning the actions of Defendants, Springettsbury Township, Springettsbury Township Police Department and Police Officer Gary Utter.  Police Officer Gary Utter used excessive and unreasonable force against detainee, Ronald Taylor Whitaker, Jr.. Such excessive and unreasonable force constituted cruel and unusual punishment, which resulted in Mr. Whitaker's

1

death. The conduct of Police Officer Gary Utter was the direct result of the policy, practice, custom and deliberate indifference of Defendants, Springettsbury Township and Springettsbury Township Police Department .

## I.  PARTIES

2.      Plaintiff, Ronald T. Whitaker, Sr., individually and as co-administrator of the Estate of Ronald Taylor Whitaker Jr., is an adult individual, residing at 2878 Lincoln Highway East, Ronks, Commonwealth of Pennsylvania.

3.      Plaintiff, Dalea Lynn, co-administrator of the Estate of Ronald Taylor Whitaker Jr., is an adult individual residing at 513 Hellam Street, Wrightville, Commonwealth of Pennsylvania.

4.      Plaintiff, Taylor Whitaker, is a minor residing at 513 Hellam Street, Wrightville, Commonwealth of Pennsylvania

5.      Plaintiff, Brandi Whitaker, is a minor residing at 513 Hellam Street, Wrightville, Commonwealth of Pennsylvania.

6.      Plaintiff, Christopher Hammerstone, is a minor residing at 14 Church Street, Apartment 107, Lititz, Commonwealth of Pennsylvania.

7.      Plaintiffs are the Co-Administrators of  the Estate of Ronald Taylor Whitaker Jr., deceased, with Letters of Administration being granted to them by the Register of Wills of York County on July 20, 2007.

8.      The Plaintiffs' decedent, Ronald Taylor  Whitaker, Jr.(hereinafter "Decedent"), was a 39 year old resident of Pennsylvania who was killed by defendant, Police Officer Gary Utter, on July 7, 2007.

2

9.    Upon information and belief, at all relevant times, Defendant, Springettsbury Township is a township of the second class organized and existing under the laws of the Commonwealth of Pennsylvania and was at all times relevant hereto, the owner and responsible for the Springettsbury Police Station, with offices located at 1501 Mount Zion Road, York, PA 17402.

10.    Upon information and belief, at all times relevant, Defendant, Springettsbury Township, was responsible for establishing the policies, practices, and regulations for the conduct of all employees of the Springettsbury Police Department and was responsible for the hiring, training, supervision, discipline and control of all individuals in its employ.

11.    Upon information and belief, at all times relevant hereto Defendant, Springettsbury Township, was responsible for the operation, training, practices, and conditions at the Springettsbury Police Department.

12.    Upon information and belief, it was the duty of Defendant Springettsbury Township to supervise, hire and train employees who were to be responsible for the safety of prisoners and/or detainees at the Springettsbury Police Department.

13.    Defendant, Springettsbury Police Department, is a division of Springettsbury Township, existing under the laws of the Commonwealth of Pennsylvania, with offices located at 1501 Mount Zion Road, York, PA 17402, and was at all times relevant hereto, the owner and/or responsible for the facility in which Ronald Taylor Whitaker was fatally shot.

14.    Defendant, Springettsbury Police Department is also responsible for the hiring and training of employees and the development of policies and procedures for pre-trial detention of individuals including Ronald Taylor Whitaker, Jr, and acted in concert with Springettsbury Township as detailed above.

15.    Defendant, David Eshbach, is the Chief of Police of the Springettsbury Police Department.

3

16.    Upon information and belief, Defendant Eshbach has the overall responsibility for the conduct of the Springettsbury Police Department, and is responsible for overseeing activities including but not limited to supervising, hiring and training of all police officers on the force, including defendant, Utter.

17.    Upon information and belief, Defendant Eshbach has the overall responsibility for enforcement of policies and procedures utilized by the Springettsbury Police Department including, but not limited to, policies and procedures related to pre-trial detention of individuals such as Ronald Taylor Whitaker, Jr.

18.    Defendant, Gary Utter is a police officer who, at all relevant times, was employed by Defendants Springettsbury Township and Springettsbury Police Department and acted under the color of state law, and is being sued individually and in his official capacities.

## II.  JURISDICTION AND VENUE

19.    This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 1367(a).

20.    Venue is appropriate in the Middle District of Pennsylvania pursuant to 28 U.S.C 1391.

## III.  CHRONOLOGY OF FACTS

21.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if the same were set forth fully at length herein.

22.    On or about July 8, 2007, Decedent was arrested and taken into police custody by members of the Springettsbury Police Department, including Defendant Gary Utter.

4

23.    Decedent was taken to the Springettsbury police station and placed in a detainee holding cell.

24.    Upon information and belief, Defendant, Utter, entered the detainee holding cell for an unknown reason after the Decedent was placed therein.

25.    Upon information and belief, an altercation ensued between Defendant Utter and the Decedent.

26.    At all times relevant hereto, the Decedent was unarmed.

27.    At all times relevant hereto, the Decedent did not endanger the life of defendant Utter and/or any other individuals.

28.    Upon information and belief, the Decedent had broken free from his altercation with defendant Utter, and the Decedent was fleeing from defendant Utter's grasp.

29.    Upon information and belief, the Decedent was fleeing from defendant Utter's grasp and his back was towards defendant Utter when defendant Utter suddenly and unnecessarily used his firearm to shoot the Decedent in the back.

30.    Defendants use of his firearm to shoot the Decedent in the back was excessive and unreasonable force against the Decedent.

31.    The excessive and unreasonable force used by defendant Utter against the Decedent constituted cruel and unusual punishment.

32.    Defendants failed to take necessary and available precautions to protect Decedent, as is required by Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Freedman v. City of Allentown, 853 F.2d 1111 (3rd Cir. 1988).

33.    Decedent was not provided with proper care, safeguards, monitoring or attention by the Defendants.

34.    As a direct result of all named Defendants' conduct described above, Decedent suffered great personal injury, and felt great pain and suffering between the time he was shot and the time of his death.

35.    As a further result of Defendants' conduct, Decedent's life ended, which resulted in loss of earnings and income, to which his estate would have been entitled and also incurred significant medical expenses.

36.    At all relevant times, Defendants have failed to create or implement an adequate detainee safety program and have failed to properly train its employees in how to handle detainees.

37.    Pre-trial detainees, such as the Decedent, are at risk of grave physical harm, injury and death due to the failure of the Defendants to create or implement an adequate safety program and by their failure to properly train its employees.

38.    Defendants are under a duty and obligation to provide a safe and suitable detention facility.

39.    Pre-trial detainees are entitled to the same constitutional protections as persons convicted of crimes. Diaz vs. Houck 159 Pa. Cmwlth 274, 632 A.2d 1081 (1993).

40.    Decedent's actions were predictable and the product of the deliberate indifference of the Defendants and his death was as a direct result of the Defendants' failures.

6

41.     This deliberate indifference on the part of Defendants resulted from official positions and policies and/or from well-settled practices on the part of the Defendants so as to establish them as official policy.

42.     Pursuant to the Fourteenth Amendment to the United States Constitution, Decedent had the right to be secure in his life and person while confined pursuant to state authority. <u>Harding v. Galyias</u> 117 Pa. Cmwlth 371, 544 A.2d 1060 (1988) (When individuals are placed in custody by government, they have liberty interest protected by due process clause of Fourteenth Amendment in safe conditions of confinement). <u>Diaz vs. Houck</u> 159 Pa. Cmwlth 274, 632 A.2d 1081 (1993), <u>Colburn v. Upper Darby Township</u>, 838 F. 2nd. 663 (3rd Cir. 1988) (A detainee is entitled to constitutional protection of his personal safety and to reasonable medical care).

43.     Pursuant to the Eighth Amendment to the United States Constitution, Decedent had the right to be secure in his life and person while confined pursuant to state authority. <u>Rhodes v. Chapman</u> 452 U.S. 337, 101 S.Ct. 2392 (1981) (Deliberate indifference to an inmates medical care is cruel and unusual punishment). <u>Colburn v. Upper Darby Township</u>, 838 F. 2nd. 663 (3rd Cir. 1988) (The Eighth Amendment to the United States Constitution imposes a duty upon custodial officials to address the serious medical needs of a pre-trial detainee including psychiatric needs).

44.     Defendants deliberately ignored and/or acted with deliberate indifference to Decedent's Constitutional rights.

45.     Defendants and their policy makers were deliberately indifferent to the need to train its personnel to recognize the needs of pre-trial detainees such as Decedent, and to provide or obtain necessary supervision and care for those persons.

46.    The actions and omissions of Defendants deprived Decedent of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to life and liberty.

47.    Upon information and belief, at no time relevant hereto, did any of the Defendants reasonably believe that their conduct toward Decedent was lawful, privileged, or otherwise permissible under the laws or constitutions of the United States and the Commonwealth of Pennsylvania.

48.    Upon information and belief, all Defendants engaged in the aforesaid conduct for the purpose of violating Decedent's constitutional rights, leading to the Decedent's death.

49.    Upon information and belief, all of the actions of all Defendants have been with deliberate indifference and is rooted in a matter of policy and practice.

## COUNT I - PLAINTIFFS v. ALL DEFENDANTS - SURVIVAL ACTION VIOLATIONS OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS TO CONSTITUTION OF THE UNITED STATES

50.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if the same were fully set forth herein.

51.    Decedent did not bring an action for his personal injuries during his lifetime and no other action for the death of the Decedent has been commenced against the Defendants.

52.    Plaintiffs bring this action pursuant to the Probate Estates and Fiduciary Code, 20 Pa.C.S. § 3372, 3373 and 42 Pa.C.S. § 8302, commonly known as the Survival Act, and claim all damages recoverable under that Statute by the Estate of Ronald Taylor Whitaker, Jr., on behalf of himself and all others entitled to recover under law, including, but not limited to, damages for

8

Ronald Taylor Whitaker, Jr.'s loss of earnings and earning capacity, medical expenses, damages for the pain, fear, anxiety, mental suffering and emotional distress which Decedent suffered prior to his death, and damages for Ronald Taylor Whitaker, Jr.'s loss of his ability to engage in normal activities and enjoy the normal pleasures of life.

53.     Each of the Defendants had a duty to Decedent, to identify, monitor and safeguard pre-trial detainees, including Decedent, and to protect pre-trial detainees, including Decedent from harm, injury or death.

54.     Each of the Defendants breached the duty of care owed to Decedent, by failing to identify, monitor and safeguard pre-trial detainees, including Decedent, and to protect pre-trial detainees from harm, injury or death.

55.     Decedent's death, and the injuries that he suffered prior to his death, were the direct and proximate result of the conduct of the Defendants.

56.     Decedent's injuries and death were caused by the practices and totality of conditions at the Springettsbury police station, including but not limited to an ill-trained staff, and an absence of adequate procedures to identify, treat, monitor and safeguard pre-trial detainees.

57.     Defendants failed to train prison employees and/or agents to protect and/or ensure the safety of pre-trial detainees placed in cells, in disregard of clearly established constitutional standards, principles, and law.

58.     The actions of all named Defendants manifested a deliberate indifference to Decedent's constitutional rights in violation of the Fourth, Eighth and Fourteen Amendment to the United States Constitution and of Title 42, United States Code, Section 1983.

9

59.    The actions of Defendants, acting under color of state law, deprived Decedent of his rights, privileges and immunities under the laws and Constitution of the United States, specifically the Fourth and Fourteenth Amendments guaranteeing that the Plaintiff's right to be secure in his safety.

## COUNT II - PLAINTIFFS v. SPRINGETTSBURY TOWNSHIP - SURVIVAL ACTION FEDERAL CONSTITUTION CLAIMS

60.    Plaintiffs incorporate the preceding paragraphs of the Complaint by reference as if the same were fully set forth at length herein.

61.    The violation of plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of the defendant, Springettsbury Township, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more and/or different training, supervision, investigation or discipline in the areas of:

a.    The use of force by correctional officers;

b.    The monitoring of officers whom it knew or should have known were unable to function correctly as officers;

c.    The failure to identify and take remedial or disciplinary actions against officers who were the subject of prior complaints of misconduct;

d.    Correctional officers' use of their status as corrections officers to employ the user of force or to achieve ends not reasonably related to their duties;

10

e.    The failure of correctional officers to follow established policies, procedures, directives and instructions regarding the use of unnecessary and excessive force under such circumstances as presented by this case;

f.    The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of inmates by officers;

g.    The failure to identify and/or report misconduct and/or use of excessive force by officers, so as to avoid the need to establish new and/or different training, guidelines, policies, procedures and/or directives regarding same.

62.    The actions of Defendants, acting under color of state law, deprived Decedent of his rights, privileges and immunities under the laws and Constitution of the United States, specifically the Eighth Amendment prohibiting cruel and unusual punishment.

## COUNT III - PLAINTIFFS v. ALL DEFENDANTS
## WRONGFUL DEATH

63.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if the same were fully set forth at length herein.

64.    Plaintiffs are the survivors of the Decedent and bring this action pursuant to the Wrongful Death Act, 42 Pa.C.S. § 8301 and claims all damages recoverable under that Statute, on behalf of the Decedent, themselves and all other persons entitled to recover under law.

65.    Decedent left surviving him the following persons entitled to recover damages for his death, on whose behalf this action is brought:

a.    Taylor Whitaker - Son
513 Hellam Street
Wrightsville, Pennsylvania

c.    Brandi Whitaker - Daughter
513 Hellam Street
Wrightsville, Pennsylvania

c.    Christopher Hammerstone - Son
14 Church St, Apt. 107
Lititz, PA 17543

66.    By reason of the death of Decedent, his said survivors have incurred funeral, burial, medical, other expenses and other pecuniary losses.

67.    Decedent's death was the direct and proximate result of the conduct of the Defendants in violating the Constitutional Rights of the Decedent as more fully set forth above.

## DAMAGES CLAIMED

68.    **WHEREFORE**, plaintiff respectfully requests:

a)    Award compensatory damages as to all defendants jointly and/or severally in an amount in excess of $75,000.00;

b)    Award punitive damages as to all defendants;

c)    Award costs of this action, including reasonable attorney's fees and costs; and

d)      Such other legal and equitable relief as the Court may deem proper.

69.      Plaintiff hereby demands a trial by jury.

Respectfully submitted,

KANE & SILVERMAN, P.C.

By: ___/s/ Eric L. Keepers_____

Eric L. Keepers, Esquire

Identification No.: 75570

2401 Pennsylvania Avenue

Suite 1C-44

Philadelphia, PA  19130

(215) 232-1000

Attorney for Plaintiffs

13

```
Court Name: Pennsylvania Middle
Division: 3
Receipt Number: 333005724
Cashier ID: tscott
Transaction Date: 04/08/2008
Payer Name: HOWARD SILVERMAN
------------------------------------
CIVIL FILING FEE
 For: ERIC KEEPERS
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 11481
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $45.00 fee will be
charged for returned checks.
```

FILED
SCRANTON

APR 0 8 2008

PER _____
DEPUTY CLERK