IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD T. WHITAKER**, **SR.**, : | CIVIL ACTION NO. 1:08-CV-0627 |
| Co-Administrator of the Estate of : | |
| Ronald Taylor Whitaker, Jr., *et al.*, : | |
| : | |
| **Plaintiffs** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **SPRINGETTSBURY** : | |
| **TOWNSHIP**, *et al.*, : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 28th day of January, 2009, upon consideration of plaintiffs' motion (Doc. 29) for reconsideration and/or clarification of the order of court (Doc. 27) dated November 14, 2008, which denied plaintiffs' oral motion to compel production of the internal investigation memorandum produced by the Springettsbury Township Police Department (the "Laird memorandum"),[1] and it appearing that plaintiffs' instant motion (Doc. 29) seeks to compel production of a "supervisor's complaint" that was not the subject of the court's prior discovery order (Doc. 27), and it further appearing that defendants have submitted a copy of the "supervisor's complaint" to the court for *in camera* review, that the court has carefully reviewed the document, and that the document contains departmental

---

[1] The court ruled that the Laird memorandum was protected by the executive privilege. (See Doc. 27 at 3-6); see also Frankenhauser v. Rizzo, 59 F.R.D. 339, 342 (E.D. Pa. 1973) (describing ten-factor analysis by which courts may scrutinize executive privilege claims).

analyses and recommendations nearly identical to those contained in the Laird memorandum, it is hereby ORDERED that plaintiffs' motion (Doc. 29) for reconsideration and/or clarification of the order of court (Doc. 27) dated November 14, 2008 is CONSTRUED as a motion to compel production of documents and, for the reasons set forth in the court's memorandum (Doc. 27) of November 14, 2008, plaintiffs' motion is DENIED as so construed.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge