

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF PENNSYLVANIA

RONALD T. WHITAKER SR., et al.

Co-Administrator of the Estate of Ronald T. Whitaker Jr., et. al,

Plaintiffs

v.

SPRINGETTSBURY TOWNSHIP et. al,

Defendants

NO. 1:08-CV-627

(Judge Christopher C. Conner)

(Magistrate Judge Martin Carlson)

BRIEF IN SUPPORT OF MOTION FOR ACCESS

---

Respectfully Submitted Pro Se by:

> Amy Gulli, a representative of the York
> Daily Record/Sunday News
> 1891 Loucks Road, York, PA 17408
> 717-771-2041

## Procedural history

During the morning of December 4, 2009, movant Amy Gulli, a representative of the York Daily Record/Sunday News, formally requested a copy of the compact disc ("CD") entered as evidence by the defendants on November 25, 2009. Movant requested a copy of both the surveillance video, which was marked as Exhibit 1 (Doc. No. 70), of the underlying incident and a portion of the videotaped discovery deposition of defendant Gary D.S. Utter ("Utter"), which was marked as Exhibit 7.

During the afternoon of December 4, 2009, defendants filed an Unopposed Motion to Place Videotaped Evidence Under Seal.

On December 7, 2009, this Court ordered the parties and the movant to file briefs in support of their motions related to the Constitutional right to access of the CD.

## Statement of Facts

On July 7, 2007, Ronald T. Whitaker Jr. ("Whitaker") was taken into police custody by Utter and was taken to the Springettsbury Township Police Department.

While Whitaker was in police custody, he attacked Utter, and Utter shot Whitaker two times and killed him ("underlying incident").

On April 8, 2008, plaintiffs Ronald T. Whitaker Sr. and Dalea Lynn filed a federal civil-rights action against defendants Springettsbury Township et. al because of the shooting. (Doc. No. 1)

The underlying incident at the Springettsbury Township Police Department was captured on surveillance video.

Pennsylvania State Police conducted an investigation into Utter's actions and, jointly with York County District Attorney H. Stanley Rebert, determined no criminal charges were appropriate against Utter.

When defendants filed their Reply to Plaintiffs' Brief in Opposition on November 25, 2009, they attached the CD as evidence.

During the morning of December 4, 2009, movant formally requested a copy of the CD by handwriting a request and giving it to a court employee (Doc. No. 78).

Prior to movant's written request to obtain a copy of the CD, neither plaintiffs nor defendants had filed a motion to seal the requested evidence.

During the afternoon of December 4, 2009, defendants filed an Unopposed Motion to Place Videotaped Evidence Under Seal (Doc. No. 79).

## Statement of Question Involved

Are the movant, Amy Gulli, and the York Daily Record/Sunday News entitled to access the requested evidence pursuant to the Constitutional presumption of access?

**Suggested answer:** Yes.

## Argument

Movant asserts that she and the York Daily Record/Sunday News are entitled to access for two major reasons: standing access for the media, and presumption of access. Movant also asserts that defendants' arguments for placing the requested evidence under seal are not persuasive for four major reasons: ability to preserve a fair trial, lack of privacy invasion, acceptable technology and violence not outweighing the presumption of access.

### Access entitlement

First, media generally enjoy standing to seek access to judicial records. The public and the media have a Constitutional common-law interest in judicial records and are entitled to "notice and an opportunity to be heard at a meaningful time, and in a meaningful manner" before they can be deprived of that interest. U.S. v.

Kuhner, 349 F.Supp.2d 892 (E.D. NJ 2005) citing United States v. Antar, 38 F.3d 1348, 1361 n. 18 (3d Cir.1994).

Second, as this Court pointed out in its December 7, 2009, filing (Doc. No. 80), evidence in court cases is to be considered presumptively public. In fact, this court noted that the United States Court of Appeals for the Third Circuit has observed:

    a. [The courts have long recognized] the public's common law right of access to judicial proceedings and records. The existence of such a right "is beyond dispute." Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1066 (3d. Cir. 1984); see also Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978). Access means more than the ability to attend open court proceedings; it also encompasses the right of the public to inspect and to copy judicial records. United States v. Criden, 648 F. 2d 814, 819 (3d Cir. 1981) (Criden I).

    b. As with other branches of the government, the bright light cast upon the judicial process by public observation diminishes possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness. See, e.g., Bank of America Nat. Trust v. Hotel Rittenhouse, 800 F.2d 339, 345 (3d Cir. 1986) (Bank of America).

Additionally, the party seeking redaction – in this case, the defendants – must show the need for secrecy outweighs the presumption of access by specifying

the serious injury to be prevented. <u>In re Cendant Corp.</u>, 260 F.3d 183 (3d Cir.2001). Broad allegations of harm to a party, unsubstantiated by specific examples or articulated reasoning, fail to overcome the presumption of access. <u>Id.</u>

In this case, the burden of proof has not been met.

Also, in determining whether to seal a record, the Court must consider several factors, including:

> a.  whether disclosure will violate any privacy interests;
> b.  whether the information is being sought for a legitimate purpose or for an improper purpose;
> c.  whether disclosure of the information will cause a party embarrassment;
> d.  whether confidentiality is being sought for information important to public health and safety;
> e.  whether the sharing of information among litigants will promote fairness and efficiency;
> f.  whether a party benefiting from the order of confidentiality is a public entity or official; and
> g.  whether the case involves issues important to the public.

<u>Century Indem. Co. v. Certain Underwriters at Lloyd's, London</u>, 592 F.Supp.2d 825, 827-28 (E.D.Pa.2009) (Robreno, J.) (citing <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir.2005)).

There might be a privacy interest at issue for Whitaker's family; however, even if the family objects to disclosure -- which has not been shown -- the court cannot overlook all relevant factors. Movant respectfully submits that, when the court weighs all relevant factors, the videotapes must be released.

It is undeniable that the news media's use of judicial records is not improper but rather fosters accountability and public confidence in the judicial system. The press functions as the eyes and ears of the public who are not able to attend judicial proceedings but nonetheless carry a vested interest in the administration of justice and the outcome of this case in particular.

Most significant in this case is the fact that a public servant employed by a government entity accused of wrongdoing is seeking to limit access. Confidentiality in this case would directly benefit the agency accused of wrongdoing in an incident related to an issue of public importance.

The fact that a government agency and its public servant have been cleared by at least one investigating authority based on the evidence at issue must weigh heavily in favor of access. The public is entitled to a measure of accountability for the actions of the officer, the investigating authorities, and the Court.

The court must also consider the fact that this evidence is critical to the case. The video captured the underlying incident that provides the basis for the lawsuit. This factor weighs heavily in favor of access, as there is no better evidence upon

which to hold the defendants, the investigating authorities or the justice system accountable for the decisions in the case.

**Defendants' arguments**

In their Unopposed Motion to Place Videotaped Evidence Under Seal (Doc. No. 79), defendants raise four issues: fair trial, privacy, complicated technology, and violence outweighing access.

First, defendants raise the issue of fair trial but, as noted in Cendant, broad allegations cannot overcome the presumption of access, and the party seeking closure must show specific examples of articulated reasoning, neither of which has been made on the record.

Defendants also fail to recognize that there are less-restrictive means available to address fair trial issues, including detailed voir dire and change of venue. See. e.g.. United States v. Criden, 648 F.2d 814, (3d Cir.1981) ("Criden I").

Defendants also repeatedly point to Felling v. Knight, No. IP 01-0571-C-T/K, 2001 U.S. Dist. LEXIS22827 (S.D. Ind. Dec. 21, 2001) but fail to acknowledge that the case is not binding on this Court. In fact, the Felling Court expressly stated the nonpublic, nonbinding nature of its opinion in section *1 (Exhibit A, Doc. No. 79).

Additionally, Felling dealt with a distinctly different factual situation and legal issues, specifically:

    a.    an evaluation of the interests and effects on nonparties, which is not present in this case;

    b.    a significantly different issue (wrongful death action versus civil torts and employment law).

Further, this case directly conflicts with PA Supreme Court precedent in Commonwealth v. Upshur, 924 A.2d 642 (Pa 2007), in which the Court granted access to audiotapes even though transcripts had already been made available.

Second, even if Whitaker's family does oppose the release, privacy must be weighed against the significant competing interests, including:

    a.    that a government agency was involved in the underlying incident;

    b.    that other government agencies based their investigation on this evidence;

    c.    that the agencies' investigation concluded no wrongdoing occurred, thereby precluding criminal charges;

    d.    that public funds are being expended to defend this case;

    e.    that public funds may be expended to settle the case or in an award for damages.

Movant respectfully notes that no evidence exists that the family opposes releasing the tape. However, even if the family objects to disclosure, the Court cannot overlook all relevant factors the Court must consider, as noted in <u>Century Indem.</u> above.

Third, defendants' argument that the technology used to film the underlying incident renders the video "incomplete" is not persuasive. Allowing the government to withhold complicated evidence assumes the public is incapable of conducting informed, reasoned analysis -- a conclusion that flies in the face of the right of access itself.

Complicated evidence is submitted to courts regularly, and to preclude on this basis would create a devastating precedent. The Court must permit the public to draw its own conclusion to the evidence, just as investigating authorities have done and the court will do. The public has a right to view the most crucial evidence in the case.

Fourth, defendants' argument that the violence contained in the video outweighs the public interest asks the Court to set a precedent that will have a chilling effect on access.

The evidence is undeniably violent, but violence alone cannot outweigh the public's right to access records. Violent evidence is commonplace today and becoming a regular part of court records due to the increased use of technology by

the general public as well as by government agencies such as police, prisons, probation offices and courthouses.

The video is the best evidence in this case and illustrates the very reason the case was filed. This evidence was relied upon by the investigating authorities to determine no wrongdoing had occurred, and it will be evaluated by the court. The public has a right to view the most crucial evidence in the case.

## Conclusion

For all the foregoing reasons, movant respectfully requests that this Court grant access to the judicial record sought in this case.

Respectfully Submitted by:

*Amy Gulli*

Amy Gulli, Pro Se

A representative of the York

Daily Record/Sunday News

1891 Loucks Road, York, PA 17408

711-771-2041

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD T. WHITAKER SR., et al.
Co-Administrator of the Estate of Ronald T. Whitaker Jr., et. al,

Plaintiffs

v.

SPRINGETTSBURY TOWNSHIP et. al,

Defendants

NO. 1:08-CV-627

(Judge Christopher C. Conner)
(Magistrate Judge Martin Carlson)

## CERTIFICATE OF SERVICE

I, Amy Gulli, hereby certify that I caused to be served a true and correct copy of the foregoing Brief to be served upon the following via the ECF system of the United States District Court for the Middle District of Pennsylvania:

Matthew B. Weisberg, Esq.
Prochniak & Weisberg P.C.
7 South Morton Avenue
Morton, PA 19070
mweisberg@ppwlaw.com
*Counsel for Plaintiffs*

David J. MacMain
Janeele E. Fulton
Lamb McErlane PC
24 East Market Street, Box 565
West Chester, PA 19381-0565
(610) 701-3263
*Attorneys for defendant Gary Utter*

Brian P. Gabriel
Campbell Durrant Beatty
    Palombo & Miller, P.C.
555 Grant Street, Suite 310
Pittsburg, PA 15219
(412) 395-1267
*Attorney for defendants Springettsbury Township, Springettsbury Township Police Department, and Springettsbury Township Chief of Police David Eschbach*

_12/21/09_
Date

_Amy Gulli_
Amy Gulli, Pro Se
A representative of the York
Daily Record/Sunday News
1891 Loucks Road, York, PA
17408
717-771-2041