IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD T. WHITAKER, SR.**, and **DALEA LYNN**, Co-Administrators of the Estate of Ronald Taylor Whitaker, Jr., **TAYLOR WHITAKER**, **BRANDI WHITAKER**, and **CHRISTOPHER HAMMERSTONE** : : : : : : : : Plaintiffs : : v. : : **SPRINGETTSBURY TOWNSHIP**, **SPRINGETTSBURY TOWNSHIP POLICE DEPARTMENT**, **DAVID ESHBACH**, and **GARY UTTER** : : : : : : Defendants : : | CIVIL ACTION NO. 1:08-CV-627 (Judge Conner) |

## **ORDER**

AND NOW, this 7th day of May, 2010, upon consideration of the report (Doc. 90) of the magistrate judge, recommending that defendants' motions (Docs. 49, 52) for summary judgement be granted, and, following an independent review of the record, it appearing that there is no record evidence to suggest that defendant Gary Utter's

("Officer Utter") use of lethal force was unreasonable under the circumstances,[1] that defendants Springettsbury Township ("the township"), Springettsbury Township Police Department ("the police department"), and David Eshbach ("Chief Eshbach") cannot be held liable because the underlying act by Officer Utter was not a violation of decedent's

---

[1] The summary judgment record contains footage from a security camera that depicts the altercation between Office Utter and Ronald Taylor Whitaker, Jr. ("decedent"). Plaintiffs contend that this video shows Officer Utter shooting decedent in the back as he fled, and then cruelly firing again after decedent fell to the ground. Video evidence is not merely some evidence which is open to interpretation, however, particularly where the images captured by the camera show a line of argument to be objectively unreasonable. Scott v. Harris, 550 U.S. 372, 380 (2007). On the key factual issue presented herein—whether use of lethal force was reasonable under the circumstances—there is no room for interpretation: decedent attacked Officer Utter and persisted in his attack to the point of threatening serious injury upon the officer. It was only *after* the decedent initiated and escalated his assault that Officer Utter discharged his sidearm. Thus, plaintiffs' argument regarding the video evidence is insufficient to defeat the motion.

rights,[2] and that even if Officer Utter were potentially liable the claims against the township, the police department, and Chief Utter would fail based on the absence of any evidence showing that a policy, custom, failure of supervision, or failure of training caused a violation of decedent's rights,[3] and it appearing that neither party has objected to the findings of the magistrate judge's report and recommendation, and that there is no

---

[2] A dispositive issue for all of plaintiffs' claims is whether a reasonable officer in Officer Utter's position could believe that lethal force was warranted under the circumstances. The § 1983 claim against Officer Utter must fail based on the objective facts showing that decedent attacked him, repeatedly pummeled him, and attempted to disarm him—ultimately wielding Officer Utter's own baton against him, who was at the time the sole officer in the police station. See, e.g., Graham v. Connor, 490 U.S. 386, 395-97 (1989) (noting that whether a suspect poses an immediate threat to the officer and is actively resisting arrest are key factors in assessing Fourth Amendment objective reasonability of the force used by the officer). The Monell claims against the township, the police department, and Chief Eshbach must also fail based on the underlying determination that Officer Utter's use of lethal force was objectively reasonable and therefore not a violation of decedent's Fourth Amendment rights. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (rejecting the notion that a municipality might be held liable under Monell even though the officer was found *not* to have violated the prisoner's Fourth Amendment rights). Furthermore, plaintiffs' wrongful death claim fails because 42 PA. CONS. STAT. § 8546 protects from state tort liability an officer whose actions in the course of duty are objectively reasonable. Conduct by an officer which involves a crime, actual fraud, actual malice, or willful misconduct is excepted from the immunity afforded by the state, 42 PA. CONS. STAT. § 8550; however, plaintiffs fail to present any evidence demonstrating unreasonable conduct by the officer, let alone criminal or tortious conduct.

[3] Plaintiffs draw attention to a comment by Officer Utter that the township trained its officers in a technique for firing a sidearm twice in rapid succession. However, plaintiffs fail to explain how a particular technique designed to effectively stop an assailant in circumstances *which warrant use of lethal force* is a constitutional violation compared to any other technique designed to bring about the same outcome.

clear error on the face of the record,[4] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 90) is ADOPTED.

2. Defendants' motions for summary judgement (Docs. 49, 52) are GRANTED.

3. The Clerk of Court is directed to enter JUDGMENT in favor of defendants and against plaintiffs on all claims.

4. The Clerk of Court is directed to CLOSE this case.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[4] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.